MEMORANDUM *
Royal Plywood Co., LLP (“Royal Plywood”) appeals the decision of the Bankruptcy Appellate Panel (“BAP”), which reversed the bankruptcy court’s order denying Chapter 7 debtor John Amoroso Jr.’s motion objecting to a claim filed by Royal Plywood. We have jurisdiction under 28 U.S.C. § 158(d)(1), and we reverse the BAP.[1]
‘We independently review the bankruptcy court’s rulings on appeal from the BAP.” Law Offices of David A. Boone v. Derham-Burk (In re Eliapo), 468 F.3d 592, 596 (9th Cir.2006). The bankruptcy court’s conclusions of law are reviewed de novo and its factual findings are reviewed for clear error. See id.
Findings relating to offer and acceptance are reviewed for clear error. See Ah Moo v. A.G. Becker Paribas, Inc., 857 F.2d 615, 621 (9th Cir.1988). Findings regarding the intent of parties in forming a contract are also reviewed for clear error. See Sepulveda v. Pac. Maritime Ass’n, 878 F.2d 1137, 1139 (9th Cir.1989). Whether a contract is ambiguous is a question of law reviewed de novo. See Miller v. United States, 363 F.3d 999, 1003-04 (9th Cir. 2004). Whether contract provisions are unconscionable is also an issue of law reviewed de novo. See Ting v. AT&T, 319 F.3d 1126, 1135 (9th Cir.2003).
The credit application was clearly a contract. See Marin Storage & Trucking, Inc. v. Benco Contracting & Eng’g, Inc., 89 Cal.App.4th 1042, 1049-50, 107 Cal.Rptr.2d 645 (Cal.Ct.App.2001). Thus, the bankruptcy court properly concluded that there was mutual assent, and that a contract was formed between Amoroso and Royal Plywood. The bankruptcy court’s finding that there was no trickery, fraud, or mutual mistake is supported by substantial evidence.
We conclude that the personal guaranty provision was unambiguous. Ambiguity is based on an objective reading of the contract; a term is only ambiguous “if reasonable people could find its terms susceptible to more than one interpretation.” Klamath Water Users Protective Ass’n v. Patterson, 204 F.3d 1206, 1210 *544 (9th Cir.1999). The terms of the personal guaranty provision are clear, and neither the small font nor the location of the provision make it ambiguous.
Nor was the contract unconscionable. The contract was not procedurally unconscionable because there is no evidence that it was a non-negotiable adhesion contract or that there was any imbalance of bargaining power between the two parties. Amoroso had ample opportunity to read the terms of the contract. Significantly, there is no evidence that the personal guaranty provision is substantively unconscionable, that is, that the provision is unduly harsh, oppressive, or one-sided.
Amoroso is therefore bound by the terms of the contract, including the personal guaranty provision.
Accordingly, the BAP’s reversal of the bankruptcy court’s order is REVERSED, and the order of the bankruptcy court is reinstated.

 This disposition is not appropriate for publication and is not precedent except as provided by Ninth Cir. R. 36-3.

. The parties are familiar with the facts and procedural history, and we repeat them here only as necessary.